UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHARLES GASPARD, ET AL.**  CIVIL ACTION

**VERSUS**  NO. 18-8485

**THE BREAKFAST TOMS, ET AL.**  SECTION: "S"(5)

REPORT AND RECOMMENDATION

On or about September 4, 2018, Charles Gaspard and Daveigh Schwallier (collectively, "Plaintiffs"), initiated this *pro se* proceeding by filing a civil complaint against the Breakfast Toms and Cathy Chase (collectively, "Defendants").[1]  (Rec. doc. 1).  Gaspard is presently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  The complaint alleges that he and Schwallier formed a group on myspace.com with some of Schwallier's friends, who identified themselves as "The Breakfast Toms" (the majority of whom are citizens of the State of California) and "two informal, written, bilateral, onerous, commutative, nominate contracts, that is, a principal contract of exchange, and an accessory contract of compromise," including stipulated benefits for certain third parties associated with the Breakfast Toms, were entered into.  *Id*.  He further alleges that Defendants failed to perform obligations as promised.  *Id*.  He requests specific performance and monetary compensation.  *Id*.

With his complaint, Gaspard filed a motion seeking to stay these proceedings indefinitely because he is "unsure which United States District Court for California is the proper venue for the above-captioned matter."  (Rec. doc. 1-2).  He states that on August

---

[1] Although it appears that Gaspard has attempted to join Schwallier as a co-Plaintiff in this matter, the latter has not signed the complaint or any other filings in this case.  Nor does the Court know if the co-Plaintiff is also incarcerated in the State of Louisiana or where the co-Plaintiff resides because no mailing address was provided for Schwallier.

23, 2018, he mailed the same complaint simultaneously to all four federal courts in California, including all divisions within those courts.[2] He did so to ensure that "Plaintiffs' claims in same matter will not be lost, in the unlikely event that none of the six former said courts is a, or the, proper venue for same matter." *Id*. In the motion, Gaspard also cited his objection to completing and filing a motion to proceed *in forma pauperis* in the above-captioned matter, because he did not wish to pay multiple filing fees for the duplicate lawsuits. (Rec. doc. 1-2, p. 2).

By notice dated September 12, 2018, the Clerk of Court required Gaspard to submit the requisite filing fee or file a certified application to proceed *in forma pauperis* within 21 days. (Rec. doc. 2). On or about October 10, 2018, Gaspard responded by filing a motion for extension of time. (Rec. doc. 3). The undersigned granted him additional time to comply with the Clerk of Court's notice, as requested, until November 9, 2018. (Rec. doc. 4). Despite the additional time provided, as of this date, Gaspard has not paid the full filing fee or filed an application to proceed *in forma pauperis*. Presumably, as was previously indicated, Gaspard did not want to expend resources to proceed with numerous duplicate lawsuits filed in both Louisiana and California.

Federal Rule of Civil Procedure 41(b) provides that a court may, in its discretion,

---

[2] The Court's research reveals that the identical suit was indeed filed in the United States District Court for the Southern District of California (San Diego), No. 18-CV-02041-BAS-LL; the United States District Court for the Northern District of California (San Jose), No. 18-CV-05516-LHK (PR); the United States District Court for the Eastern District of California (Fresno), No. 18-CV-01199-AWI-EPG; and the Eastern District (Sacramento), No. 18-CV-2397-TLN-CKD; and the United States District Court for the Western District of California (Los Angeles), No. 18-CV-0770-AB-ADS. The suit was also filed in the United States District Court for the Middle District of Louisiana, No. 18-CV-00816-SDD-RLB.

dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987). When contemplating dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the Court's order. *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986). Here, Gaspard is proceeding in proper person and his actions plainly weigh in favor of dismissal. A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Dept.*, 864 F. Supp. 633, 637 (S. D. Tex. 1994). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593. Gaspard has made no such showing.

The Court has instructed Gaspard to remedy the filing fee deficiency and afforded him ample time to correct the deficiency. He has not done so. Gaspard has flagrantly ignored the procedural requirements in this case. His assertions show that he wants to file (and indefinitely stay) this lawsuit merely as a protective measure and avoid paying the associated filing fees. The Court construes this as a failure on his part to prosecute and recommends that the action be dismissed.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiffs' complaint be

**DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*)(citing 28 U.S.C. §636(b)(1)).[3]

New Orleans, Louisiana, this  28th  day of  November , 2018.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[3]*Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to 14 days.